IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ANITA VILLEGAS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-08-0151 |
| | § | |
| CITY OF FREEPORT, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This civil rights case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 18] filed by Defendants Ivan Rodriguez, John R. Newton, John Rutherford, Augustine Flores, Heriberto Abrego, John Stanford, and Ronald C. Brinkman. Defendants argue that they are entitled to qualified immunity on the federal claims. Defendants also argue that Plaintiff Anita Villegas's decision to assert the state law claims against the City of Freeport constitutes an election of remedies that bars assertion of the same state law claims against the individual Defendants pursuant to § 101.106(a) of the Texas Civil Practices and Remedies Code. Plaintiff neither filed a response in opposition to Defendants' Motion nor requested additional time to do so.[1] Having reviewed the full record, including the uncontroverted

---

[1] Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.3, 7.4. When a plaintiff fails to respond to a motion for summary judgment, the Court must nevertheless consider the merits of the motion.

evidence, and having applied governing legal authorities, the Court **grants** Defendants' Motion.

## I. BACKGROUND

Plaintiff Anita Villegas, as the survivor of Manuel Villegas ("Villegas"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that the City of Freeport and certain of its employees violated Villegas's constitutional rights. Plaintiff also asserted several state law claims against the City of Freeport and its employees. Defendants Ivan Rodriguez, John R. Newton, John Rutherford, Augustine Flores, Heriberto Abrego, and Ronald Brinkman are police officers employed by the City of Freeport. Defendant John Stanford is the Chief of the City of Freeport Fire Department.

The uncontroverted evidence shows that in the early morning hours of May 22, 2006, City of Freeport police officers Rutherford and Abrego were dispatched to respond to a report of a person yelling in the dark. Upon arriving at the scene, the officers observed an individual they recognized as Villegas. Villegas was walking through the grass and appeared to be fighting with an imaginary person. Villegas then sat down in the grass, talked to himself, and began to fight and kick the grass. Officer

---

*Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995).

Rutherford believed that Villegas was intoxicated and that he presented a danger to himself and/or others.

Rutherford and Abrego tried to persuade Villegas to accompany them to the police station, but Villegas would not comply. Villegas continued to fight with imaginary people. He was extremely strong, and he kicked, fought, bit and screamed as Rutherford and Abrego took him by the arm and placed him on the ground so they could handcuff him. There is no evidence that Villegas sustained any injury while being placed into the police vehicle and transported to the City lock-up.

Officer Newton, who had also responded to the scene, directed the police dispatcher to send Freeport emergency medical service ("EMS") personnel to meet the officers and Villegas at the City lock-up to evaluate Villegas in case he needed medical care.

At the police station, Villegas refused to get out of the vehicle, so Rutherford picked him up by his belt and he and Officer Rodriguez carried Villegas into the booking room. Rutherford and Rodriguez placed Villegas on the floor in front of a camera.

EMS attendants Brandon Grover and Jonathan Cory Rabalais arrived approximately one minute after Villegas was placed on the floor. When Rabalais began the medical examination, Villegas started hitting his own head and face on the

floor. Rabalais held Villegas's head to prevent Villegas from further injuring himself. Grover held Villegas's torso. Villegas appeared delusional and was violent. The EMS employees and the police officers believed that Villegas was under the influence of drugs and/or alcohol and needed further medical evaluation.

The EMS employees were uncertain how to transport Villegas to the hospital so that he would not injure himself or the EMS attendants. Grover, who had been positioned at Villegas's left side and was holding his torso, moved away to discuss with Rabalais how best to transport Villegas. Rodriguez then held Villegas by placing his foot on Villegas's back. Rodriguez placed only enough pressure on Villegas to prevent Villegas from further injuring himself, and used no more pressure than Grover had applied when holding Villegas with his hands. Neither EMS employee perceived that Rodriguez was applying excessive pressure to Villegas.

Rabalais called a medical doctor at Brazosport Hospital to ask about the best way to transport Villegas. The medical doctor instructed Rabalais to transport Villegas to the hospital in an ambulance on a backboard with his hands handcuffed behind his back. When Rabalais placed Villegas on the backboard, he observed that Villegas was not breathing. The officers removed the handcuffs and the EMS attendants began CPR and ventilation. Villegas was intubated, placed on the backboard, and transported by ambulance to the hospital where he died.

The medical examiner determined that Villegas died from an overdose of cocaine and alcohol. The Assistant Medical Examiner explicitly opined that none of the actions by the police officers contributed to Villegas's death.

Plaintiff filed this lawsuit against the City of Freeport and certain of its employees, alleging that they violated 42 U.S.C. § 1983 when they unreasonably detained Villegas, used excessive force against him, and failed to provide him with adequate medical care. Plaintiff also asserted state law claims for wrongful death, assault and battery, and "official oppression." The individual Defendants asserted that they are entitled to the affirmative defense of qualified immunity. After an opportunity for discovery, the individual Defendants moved for summary judgment on the defense. The Motion is ripe for decision.

## II.   ANALYSIS

### A.   Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v.*

*ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  The moving party, however, need not negate the elements of the non-movant's case.  *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'"  *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.  *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).  Although the facts are to be reviewed in the light most

favorable to the nonmoving party, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not met by mere reliance on the allegations. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). The nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *See id.* (internal citations and quotations omitted).

### B.  **Defendants Stanford, Flores and Brinkman**

Personal involvement is an essential element of a civil rights claim against a defendant in his individual capacity. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) (a plaintiff bringing a § 1983 action must "specify the personal involvement of each defendant"). "Supervisory officers . . . cannot be held liable under § 1983 for the actions of subordinates . . . on any theory of vicarious liability." *Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658, 691-95, 98 (1978); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).

Plaintiff has failed to present evidence to raise a genuine issue of material fact regarding any personal involvement by Defendants Stanford, Flores, and Brinkman in the events forming the basis for her § 1983 claim. As a result, these three individual Defendants are entitled to summary judgment on the federal civil rights claim.

### C.    **Qualified Immunity**

The remaining individual Defendants have asserted that they are entitled to qualified immunity on Plaintiff's federal civil rights claim and have moved for summary judgment on the qualified immunity defense. Therefore, the Court must determine (1) whether Plaintiff has presented evidence that Defendants violated a constitutional right, and (2) whether that constitutional right was "clearly established"

at the time of the alleged constitutional violation. *See Ontiveros v. City of Rosenberg*, __ F.3d __, 2009 WL 207450, *2 (5th Cir. 2009). "Qualified immunity is applicable unless the defendant's conduct violated a clearly established constitutional right." *Id.* The plaintiff need not present "absolute proof" to avoid summary judgment on the qualified immunity defense, but she must present more than "mere allegations." *Id.*, (quoting *Reese v. Anderson*, 926 F.2d 494, 499 (5th Cir. 1991)).

Plaintiff alleges that the individual Defendants violated Villegas's constitutional rights to be free from unreasonable detention, to be free from the use of excessive force, and to access to adequate medical care.

***Detention.*** – A claim for unreasonable detention fails unless the law enforcement officers lacked probable cause for the detention. *See, e.g., Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001); *Fields v. City of South Houston*, 922 F.2d 1183, 1189 (5th Cir. 1989). Probable cause exists when the facts and circumstances known to the officers at the time would warrant a prudent officer's belief that an offense had been or was being committed. *See Mitchell v. City of Jackson*, 223 F. App'x 411, 412 (5th Cir. Mar. 23, 2007) (citing *Martin v. Thomas*, 973 F.2d 449, 453 (5th Cir. 1992)).

In this case, the uncontroverted evidence establishes that Rutherford and Abrego, the detaining Defendants, had probable cause to detain Villegas for public

intoxication, particularly since Villegas appeared to pose a danger to himself and others. Plaintiff has not presented evidence that the detaining officers violated Villegas's constitutional right to be free from unreasonable detention. Defendants are entitled to summary judgment on the unlawful detention claim based on their qualified immunity defense.

*__Excessive Force.__* – To prevail on the excessive force claim, Plaintiff must establish "(1) an injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Ontiveros*, 2009 WL 807450 at *3; *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007); *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005). An officer's use of force is presumptively reasonable if the officer reasonably believes that the suspect poses a threat to the officer or to others. *See Ontiveros*, 2009 WL 807450 at *3 (citing *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003)). The reasonableness of the force used "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (quoting *Graham v. Connor,* 490 U.S. 386, 396-97 (1989)). The objective reasonableness inquiry focuses on the "facts and circumstances confronting [the officer], without regard to [the officer's] underlying intent or motivation." *Id.*

The uncontroverted summary judgment evidence establishes that Villegas did not suffer an injury that "resulted directly and only from a use of force that was clearly excessive." *See Ontiveros*, 2009 WL 807450 at *3. Instead, the uncontroverted evidence establishes that Villegas's death was caused by an overdose of alcohol and cocaine. Additionally, the uncontroverted evidence establishes that none of the individual Defendants used excessive force against Villegas. Plaintiff has failed to present evidence that all individual Defendants violated Villegas's constitutional right to be free from the use of excessive force, and the individual Defendants are entitled to qualified immunity on the excessive force claim.

***Access to Adequate Medical Care.*** – Plaintiff alleges that Defendants violated the Eighth Amendment by denying Villegas access to adequate medical care. To establish the medical care claim, Plaintiff must show that the Defendants acted with deliberate indifference to Villegas's serious medical need. *See Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006). A defendant acts with deliberate indifference only if he knows that the detainee faces a substantial risk of serious bodily harm and he "disregards that risk by failing to take reasonable measures to abate it." *Id.* at 346 (quoting *Farmer v. Brennan*, 411 U.S. 825, 847 (1994)). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent

exceptional circumstances." *Id*. To prove deliberate indifference, the plaintiff must "submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id*. (internal quotations and citation omitted).

The uncontroverted evidence establishes that Defendants provided the medical services of Freeport EMS employees to Villegas within minutes after arriving at the police station. The EMS employees were in contact telephonically with a medical doctor at Brazosport Hospital and followed his instructions. When it was discovered that Villegas was not breathing, the EMS employees immediately began to administer CPR. Villegas was promptly intubated, placed on a backboard, and transported to the hospital by ambulance. Plaintiff has not presented evidence that Defendants were deliberately indifferent to Villegas's medical needs. Consequently, the individual Defendants are entitled to summary judgment on their qualified immunity defense to the medical care claim.

### D. State Law Claims

Plaintiff asserted her state law claims against the City of Freeport and, as a result, she is barred from pursuing the same state law claims against the City's individual employees, and those state law claims must be dismissed. *See* TEX. CIV.

PRAC. & REM. CODE § 101.106; *Mission Consolidated Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 658-59 (Tex. 2008), and cases cited therein. Consequently, the individual Defendants are entitled to summary judgment on Plaintiff's state law claims.

### III. CONCLUSION AND ORDER

Individual Defendants Stanford, Flores, and Brinkman are entitled to summary judgment on Plaintiff's civil rights claim because there is no evidence that they were personally involved in the events at issue. The uncontroverted evidence establishes that the remaining individual Defendants are entitled to qualified immunity on Plaintiff's federal civil rights claims. Plaintiff's state law claims against the individual Defendants must be dismissed pursuant to § 101.106 of the Texas Civil Practice and Remedies Code. Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 18] is **GRANTED**. Plaintiff's claims against Defendants Rodriguez, Newton, Rutherford, Flores, Abrego, Stanford, and Brinkman are **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas, this 6th day of **May, 2009**.

Nancy F. Atlas
United States District Judge